## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| **DEREK L. SIMMS,** | * | |
| Plaintiff, | * | |
| **v.** | * | |
| **ISAIAS TESSEMA, M.D.,** | * | |
| in his individual and official capacity, | | |
| Western Correctional Institution | * | |
| 13800 McMullen Highway, S.W. | | |
| Cumberland, Maryland 21502; | * | |
| **DENISE VANMETER, R.N.,** | * | Civil Action No.: 1:02-cv-3276WMN |
| in her individual and official capacity, | | |
| Western Correctional Institution | * | |
| 13800 McMullen Highway, S.W. | | |
| Cumberland, Maryland 21502; | * | |
| **JON P. GALLEY, Warden,** | * | |
| in his individual and official capacity, | | |
| Western Correctional Institution, | * | |
| 13800 McMullen Highway, S.W. | | |
| Cumberland, MD 21502; | * | |
| and | * | |
| **WILLIAM W. SONDERVAN** | * | |
| **Ed. D., CCE, Commissioner,** | | |
| in his official capacity, | * | |
| Division of Correction | | |
| 6776 Reisterstown Road | * | |
| Baltimore, Maryland 21215-2342 | | |
| | * | |
| Defendants. | | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## AMENDED COMPLAINT

Plaintiff Derek L. Simms, by his undersigned counsel, hereby files this Amended Complaint, and alleges the following facts and claims:

## I. NATURE OF THE ACTION

1.    During the course of Plaintiff Simms's confinement at Western Correctional Institution ("WCI"), the defendants were, and continue to be, deliberately indifferent to Plaintiff Simms's existing serious medical need.  Plaintiff Simms, therefore, brings this action, pursuant to 42 U.S.C. § 1983, seeking damages, attorney's fees, costs, and injunctive relief against defendants for violation of his rights under the Eighth Amendment to the United States Constitution.

## II. JURISDICTION AND VENUE

2.    This court has jurisdiction to consider the merits of this action under 28 U.S.C. § 1331, this being a civil action arising under the laws of the United States, and §§1343(3) and (4), this being an action to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States and by Acts of Congress protecting the civil rights of citizens, as well as under 42 U.S.C. § 1983, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.    Venue is proper in the United States District Court for the District of Maryland, Northern Division, pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims asserted herein occurred in this district.

## III. PARTIES

4.    Plaintiff Simms, by virtue of his incarceration at WCI, is a resident of the State of Maryland and Allegany County.  At all times material to this Amended

Complaint, Plaintiff Simms was, and continues to be, incarcerated under the supervision of WCI and the Division of Correction.

5.    Defendant Isaias Tessema, M.D. is and was at all relevant times the Medical Director for Prison Health Services, Inc., the provider of medical services at WCI, and as such was an agent of WCI and/or the Division of Correction.  Defendant Tessema is and was at all relevant times the Medical Director, and Plaintiff Simms's treating physician at WCI, ultimately responsible for the medical care and treatment of inmates housed in WCI, including Plaintiff Simms.   Defendant Tessema is sued individually and in his official capacity.

6.    Defendant Denise Vanmeter, R.N. is and was at all relevant times a nurse for Prison Health Services, Inc., the provider of medical services at WCI, and as such was an agent of WCI and/or the Division of Correction.  Defendant Vanmeter is and was at all relevant times Plaintiff Simms's treating nurse at WCI, responsible for the medical care and treatment of Plaintiff Simms.  Defendant Vanmeter is sued individually and in her official capacity.

7.    Defendant Tessema and Defendant Vanmeter are referred to collectively herein as the "Medical Defendants."

8.    Defendant Jon P. Galley is and was at all relevant times the Warden of WCI and as such was employed as an officer, employee and/or agent of WCI and/or the Division of Correction.  Defendant Galley is and was at all relevant times the Warden of WCI, ultimately responsible for the care and custody of inmates housed in WCI, including Plaintiff Simms.  Defendant Galley is sued individually and in his official capacity.

9.     Defendant William W. Sondervan, Ed.D., CCE, is and was at all relevant times the Commissioner of the Division of Correction and as such was employed as an officer, employee and/or agent of the Division of Correction.  WCI is a facility within the Division of Correction.  Defendant Sondervan is and was at all relevant times the Commissioner of the Division of Correction, ultimately responsible for the administration and management all facilities of the Division of Correction, including WCI.  Defendant Sondervan is sued in his official capacity only.

10.     At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as officers, employees and agents of WCI and/or the Division of Correction and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of the WCI and/or the Division of Correction at all times relevant herein with the power and authority vested in them as officers, employees and agents of the WCI and/or the Division of Correction and incidental to the lawful pursuit of their duties as officers, employees and agents of the WCI and/or the Division of Correction.

## IV.  FACTUAL ALLEGATIONS

11.     Plaintiff Simms has Crohn's disease.  He was first diagnosed with the disease in the late 1970s.  Since that time, Plaintiff Simms has undergone multiple surgical procedures to treat the disease.  Currently, Plaintiff Simms suffers, among other things, anal fistulas that drain blood and pus when they become infected.

12.    Plaintiff Simms began his period of incarceration at WCI in 1997.  While in the care and custody of WCI, Plaintiff Simms, on multiple occasions, requested medical care and treatment for his Crohn's disease and related pain.

13.    Plaintiff Simms was examined and evaluated by the Medical Defendants. Despite Plaintiff Simms's lengthy history of medical tests and surgical interventions regarding his Crohn's disease, the only treatment prescribed by the Medical Defendants to treat Plaintiff Simms's Crohn's disease is antibiotic medication and sitz baths.

14.    Plaintiff Simms has been unable to comply with the sitz bath treatment because, among other things, he does not have the requisite privacy or hot water due to his housing conditions at WCI and has been harassed by his cellmate.

15.    Plaintiff Simms informed the Medical Defendants that the lack of privacy in his prison cell and the inability to obtain water that is hot enough for a sitz bath render the prescribed treatment ineffective.

16.    Plaintiff Simms notified the Medical Defendants about the harassment he endured from his cellmate whenever he attempted to use a sitz bath.

17.    Plaintiff Simms told the Medical Defendants that his medical condition, which includes fecal incontinence, makes sharing a small prison cell impractical, unsanitary and unsafe, because of the open wounds located near his rectum, and interferes with the effective use of any palliative measures prescribed for his condition.

18.    As a result, Plaintiff Simms asked the Medical Defendants to provide him with a prescription for a single cell and hot water.  Plaintiff Simms explained that he needed the privacy of a single cell because of his disease, his prescribed treatment and the harassment he received from his cellmate while trying to effectuate this treatment, and

BA2 #225708

that he needed the hot water in order for him to comply with the sitz bath treatment, as well as other palliative treatments.

19.    When Plaintiff Simms made the request for a single cell, the Medical Defendants knew that, in March of 2000, medical personnel at the Maryland House of Correction Annex recommended that Plaintiff Simms be prescribed a single cell because of his Crohn's disease.

20.    The Medical Defendants refused, and continue to refuse, to prescribe a single cell and hot water for Plaintiff Simms.

21.    The Medical Defendants were and are fully aware that, due to his housing situation at WCI, Plaintiff Simms was and is unable to comply with the prescribed sitz bath treatment because he lacks privacy and hot water.

22.    Medical Defendants refused, and continue to refuse, to prescribe pain medication, including non-narcotic pain medication (i.e., Tylenol), to Plaintiff Simms for his Crohn's disease.

23.    Plaintiff Simms, on multiple occasions, notified the Medical Defendants about the pain he suffers because of his Crohn's disease.

24.    The inability of Plaintiff Simms to comply with the prescribed sitz bath treatment and other palliative treatments prescribed for his condition, moreover, has exacerbated his painful condition.

25.    The Medical Defendants were and are fully aware of Plaintiff Simms's pain caused by his Crohn's disease.

26.    The Medical Defendants refused, and continue to refuse, to prescribe Plaintiff Simms pain medication without explanation and without adequately re-evaluating Plaintiff Simms's pain on a periodic basis.

27.    To date, Plaintiff Simms has not received effective medical treatment for the pain he suffers as a result of his Crohn's disease.

28.    By way of Medical Defendants and/or Lieutenants Lancaster and/or Shreve, Plaintiff Simms's Housing Unit Managers at WCI, Defendant Galley was and is aware, either actually or constructively, of Plaintiff Simms's serious medical need for medical treatment, including prescriptions for a single cell, pain medication and hot water, and the Medical Defendants' refusal to prescribe a single cell, hot water and pain medication for Plaintiff Simms's medical condition.

29.    Defendant Galley has refused to intervene and/or respond to the Medical Defendants' refusal to prescribe a single cell, pain medication and hot water for Plaintiff Simms.

30.    Plaintiff Simms has fully exhausted all administrative remedies for resolving the issues raised herein.

31.    Upon information and belief, Medical Defendants, Defendant Galley, and Defendant Sondervan were and are aware, either actually or constructively, based upon Plaintiff Simms's repeated requests and pursuit of all administrative remedies of Plaintiff Simms's serious medical need for medical treatments, including prescriptions for a single cell, pain medication and hot water, and the Medical Defendants' refusal to prescribe a single cell, pain medication and hot water for Plaintiff Simms's medical condition.

## Count I

### Deliberate Indifference To A Serious Medical Need
### (As to Medical Defendants and Defendant Galley)

32.     Plaintiff repeats, repleads and realleges each and every allegation contained in paragraphs 1-31 above, as if fully set forth herein.

33.     Plaintiff Simms brings Count I pursuant to 42 U.S.C. § 1983 against Medical Defendants and Defendant Galley for violation of the Eighth Amendment to the United States Constitution.

34.     Plaintiff Simms had, and continues to have, a serious medical need that requires medical treatment for his Crohn's disease, including, but not limited to, prescriptions for a single cell, hot water and pain medication.

35.     Medical Defendants and Defendant Galley were, and continue to be, aware, either actually and/or constructively, of Plaintiff Simms's serious medical need for such treatment and prescriptions.

36.     Medical Defendants and Defendant Galley were, and continue to be, deliberately indifferent to Plaintiff Simms's serious medical need in one or more of the following respects:

(a) providing treatment for Plaintiff Simms's Crohn's disease that is so grossly incompetent so as to shock the general conscience or to be intolerable to fundamental fairness;

(b) prescribing medical treatment for Plaintiff Simms's Crohn's disease with knowledge that Plaintiff Simms is unable to comply with the prescribed treatment; and

(c) failing to prescribe pain medication for Plaintiff Simms's pain caused by his Crohn's disease.

8

37.     Medical Defendants and Defendant Galley drew subjective inferences that a failure to take one or more of the above-mentioned corrective actions would, and continues to, subject Plaintiff Simms to unnecessary and significant pain and suffering and/or would, and continues to, expose Plaintiff Simms to a substantial risk of serious harm.

38.     As a direct result of the actions of the Medical Defendants and Defendant Galley, Plaintiff Simms has and continues to suffer damages.

WHEREFORE, as relief for deliberate indifference to his serious medical need, Plaintiff Simms prays for damages, costs, and attorney's fees, and such other relief as the Court deems appropriate in the circumstances.

## Count II

### Injunctive Relief
### (As to All Defendants)

39.     Plaintiff repeats, repleads and realleges each and every allegation contained in paragraphs 1-38 above, as if fully set forth herein

40.     Plaintiff Simms brings Count II against Medical Defendants, Defendant Galley, and Defendant Sondervan, referred to collectively hereinafter as "All Defendants."

41.     Plaintiff Simms's right to reasonable medical treatment for his Crohn's disease will be irreparably injured, in that if an injunction is not granted, the current and ongoing violation of Plaintiff Simms's right will not be corrected.

42.     The benefits to Plaintiff Simms in obtaining an injunction are equal to or outweigh the potential harm that All Defendants would incur, were an injunction granted.

9

43.    Plaintiff Simms will suffer irreparable harm unless an injunction, requiring that Plaintiff Simms be provided with reasonable medical treatment for his Crohn's disease, including, but not limited to, prescriptions for a single cell, pain medication and hot water, is granted.

44.    All Defendants have a public duty to protect the safety of persons consigned to their supervision, custody and/or care and that public interest will be vindicated by granting an injunction.

WHEREFORE, Plaintiff Simms prays for injunctive relief against All Defendants, directing that Plaintiff Simms be provided with medical treatment for his Crohn's disease, including, but not limited to, a single cell, pain medication and hot water.

_____/s/_____
Colleen M. Mallon
Federal Bar No.: 26967
Venable LLP
Mercantile Bank & Trust Bldg.
Two Hopkins Plaza, Suite 1800
Baltimore, Maryland 21201
(410) 244-7400

*Attorney for Plaintiff Derek L. Simms*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 22nd day of September 2003, a copy of the foregoing Amended Complaint was mailed via first class mail, postage prepaid, to Donald J. Crawford, Adelman, Sheff & Smith, LLC, 200-A Monroe Street, Rockville, Maryland 20850, Attorney for Defendants Isaias Tessema, M.D. and Denise Vanmeter, R.N.

_____/s/_____
Colleen M. Mallon

BA2 #225708