IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

DEREK L. SIMMS,                              *
                                             *
            Plaintiff,                       *
                                             *        CASE No.: 1:02-CV-01783 WMN
v.                                           *
                                             *
ISAIAS TESSEMA, M.D., *et al*.               *
                                             *
            Defendants                       *
            **************************

## ANSWER

COMES NOW defendants, Isaias Tessema, M.D. and Denise VanMeter, R.N., (collectively "medical defendants" herein), by and through their attorneys, Donald J. Crawford, and Adelman, Sheff & Smith and in answer to the Complaint and Amended Complaint filed against them herein states:

## FIRST DEFENSE

The plaintiff fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Neither Dr. Tessema nor Denise VanMeter, R.N. committed the wrongs alleged and, pursuant to the Federal Rule of Civil Procedure 8(b), denies any and all liability to the plaintiff.

## THIRD DEFENSE

If facts supporting such defense are elicited during discovery, medical defendants, reserve the right to plead and prove that plaintiff's claims are barred by an assumption of the risk.

## FOURTH DEFENSE

If facts supporting such defense are elicited during discovery, medical defendants, reserve the right to plead and prove that plaintiff's claims are barred by contributory negligence.

## FIFTH DEFENSE

If facts supporting such defense are elicited during discovery, medical defendants reserve the right to plead and prove that plaintiff's claims are barred by the applicable statute of limitations.

## SIXTH DEFENSE

If facts supporting such defense are elicited during discovery, medical defendants reserve the right to plead and prove that plaintiff's damages are the result of the natural disease process for which the medical defendants are not responsible.

## SEVENTH DEFENSE

The medical defendants were not acting under color of state law during the time they provided medical care to plaintiff and are therefore immune from suit under the counts alleging recovery under 42 U.S.C. §1983.

## EIGHTH DEFENSE

Plaintiff's complaint and amended Complaint do not present a valid federal issue against the medical defendants therefore subject matter jurisdiction is invalid and this matter should be arbitrated pursuant to the Courts and Judicial Proceedings Article of the Annotated Code of Maryland, § 3-2A-01 et seq.

## NINTH DEFENSE

Plaintiff failed to exhaust all administrative remedies as required by 42 U.S.C. §1997(e).

## TENTH DEFENSE

To the extent plaintiff seeks equitable relief, he is not entitled to such relief because he has an adequate remedy at law.

## ELEVENTH DEFENSE

The medical defendants reserve the right to rely on such other defenses as may become available or appear through discovery or otherwise, or as may be raised by other defendants and amend this Answer to assert any such defense.

## TWELFTH DEFENSE

The medical defendants actions were performed in a reasonable good faith belief that there actions were proper, and plaintiff's complaints were beyond the control of the medical defendants.

## THIRTEENTH DEFENSE

In further answer to each averment set forth in the Complaint, and Amended Complaint, the medical defendants, state the following:

1.      The medical defendants do not have sufficient knowledge to admit or deny the allegations of paragraphs 1 through 5 of the Complaint, and therefore deny these allegations.

2.      The medical defendants do not to have to admit or deny the allegations of paragraphs 1, 2, and 3 of plaintiff's Amended Complaint.

3.      The medical defendants admit that plaintiff is incarcerated at WCI and is under the supervision and control of the Division of Correction, but do not have sufficient knowledge to admit or deny the allegations of paragraph 4, and therefore denies them.

4.      These medical defendants admit that Isaias Tessema, M.D. is the Medical Director and an employee of Prison Health Services, Inc. the medical provider at WCI, but do

not have sufficient knowledge to admit or deny the allegations of paragraph 5, and therefore denies them.

5.    These medical defendants admit that Denise VanMeter, R.N. is a nurse and an employee of Prison Health Services, Inc. the medical provider at WCI, but do not have sufficient knowledge to admit or deny the allegations of paragraph 6, and therefore denies them.

6.    Paragraph 7 of the Amended Complaint required no answer.

7.    The medical defendants do not have sufficient knowledge to admit or deny the allegations of paragraph 8, and therefore deny these allegations.

8.    The medical defendants do not have sufficient knowledge to admit or deny the allegations of paragraph 9, and therefore deny these allegations.

9.    The medical defendants do not have sufficient knowledge to admit or deny the allegations of paragraph 10, and therefore deny these allegations.

10.    The medical defendants do not have sufficient knowledge to admit or deny the allegations of paragraphs 11 through 31, and therefore deny these allegations.

## COUNT I

11.    The medical defendants do not have sufficient knowledge to admit or deny the allegations of paragraphs 32 through 38, and therefore deny these allegations and specifically deny that the medical defendants showed a deliberate indifference to a serious medical need of plaintiff.

## COUNT II

12.    The medical defendants do not have sufficient knowledge to admit or deny the allegations of paragraphs 39 through 44, and therefore deny these allegations and specifically deny that injunctive relief is available, and that the medical defendants can provide any of the injunctive relief requested.

WHEREFORE, having fully answered plaintiff's complaint and Amended Complaint, the medical defendants, request that the complaint and Amended Complaint be dismissed and all requests for relief be denied.

ADELMAN, SHEFF & SMITH, LLC.

By: _____
Donald J. Crawford,  #11290
200-A Monroe Street
Suite 310
Rockville, Maryland 20850
(301) 340-1140

Attorneys for medical Defendants, Isaias Tessema, M.D. and Denise Van Meter, R.N.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 1, 2003, a copy of the foregoing Answer was sent by first class, postage prepaid mail to:   Colleen M. Mallon, Venable LLP, two Hopkins Plaza, Suite 1800, Baltimore, MD  21201, and to Stephanie Lane-Weber, Assistant Attorney General, 200 St. Paul Place, 19th Floor, Baltimore, MD  21202.

_____
Donald J. Crawford