## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEREK L. SIMMS, | * |
| Plaintiff, | * |
| v. | *  Civil No. WMN-02-3276 |
| ISAIAS TESSEMA, M.D., ET AL., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT FORMER COMMISSIONER WILLIAM SONDERVAN'S
## ANSWERS TO INTERROGATORIES

Defendant, former Commissioner, William Sondervan, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, states in response to Plaintiff's Interrogatories:

A.     The information supplied in these answers is not based solely on the knowledge of the executing party but includes the knowledge of the party's agents, representatives and attorneys, unless privileged.

B.     The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers and thus does not necessarily purport to be the precise language of the executing party:

**Interrogatory No. 1:**  Identify all persons with knowledge of the factual allegations set forth in the Amended Complaint and/or Answer, including in your response a summary of the facts known to each person.

EX 3A

**Answer to Interrogatory No. 1:** Based upon the nature of the complaints as contained in the Plaintiff's Amended Complaint the following individuals may have some of knowledge about the Plaintiff's allegations based upon complaints that would have been handled in the due course of business: Warden Jon P. Galley who would have responded to various complaints in the form of Administrative Remedy responses and responses to letters; Dr. Tessama, Medical Director for PHS at Western Correctinal Institution (WCI) and such other medical staff who would have had contact with Mr. Simms; Officers Raymond Wills and Calvin Jones who would have processed Mr. Simms' Administrative Remedy Complaints; WCI Housing Unit Staff, including Lt. Shreve, Unit Manager; and Case Manager Lori Knight for the Protective Custody Caseload in Housing Unit #4. I am unable to state with specificity who would have factual knowledge about the Plaintiff's complaints beyond these individuals.

**Interrogatory No. 2:** State the names, addresses, and occupations of all persons, other than those persons named elsewhere in your Answers, who are known to you to have or claim to have personal knowledge or information of relevant facts which may pertain to any issues relevant to this matter.

**Answer to Interrogatory No. 2:** Jon P. Galley, Warden, Western Correctional Institution, 13800 McMullen Hwy, SW, Cumberland, MD 21502; Dr. Tessama, Chief Physician and Medical Director for PHS, Western Correctional Institution, 13800 McMullen Hwy, SW, Cumberland, MD 21502; Officer Raymond Wills III and Officer Calvin Jones, Administrative Remedy Coordinators, Western

2

Correctional Institution, 13800 McMullen Hwy, SW, Cumberland, MD 21502; Case

Manager Lori Knight, Western Correctional Institution, 13800 McMullen Hwy, SW,

Cumberland, MD 21502; Lt. James Shreve, Unit Manager, Housing Unit #4, Western

Correctional Institution, 13800 McMullen Hwy, SW, Cumberland, MD 21502.

**Interrogatory No. 3:** Identify any and all oral or written statements obtained by you or on your behalf from any individual in connection with any of your contentions in this case; and for each statement indicate the name, address, and occupation of the person who made the statement; the name, address, and occupation of the person who obtained the statement; the date the statement was obtained; whether the statement is written or oral; if written, the name and address of the person who has custody of the statement, attach a copy of each statement to your Answers to these Interrogatories, and if oral, the substance of the statement.

**Answer to Interrogatory No. 3:** None.

**Interrogatory No. 4:** Identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert to testify, state the substance of the findings and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and attach to your answers any written report made by the expert concerning those findings and opinions.

**Answer to Interrogatory No. 4:** None.

**Interrogatory No. 5:** Identify the substance of any and all communications, written or oral, between you and any person whom you expect to call as an expert witness at trial.

**Answer to Interrogatory No. 5:** None.

**Interrogatory No. 6:** If you contend that any declarations against interest or admissions have been made by or on behalf of Plaintiff identify each such declaration against interest or admission, the date or approximate date upon which each such declaration against interest or admission was made, the person to whom the declaration against interest or admission was made, and the substance of each such declaration against interest or admission.

**Answer to Interrogatory No. 6:** None.

3

**Interrogatory No. 7:** Describe in detail the relationship among WCI, PHS and/or the State of Maryland, including in your response an identification of any and all contracts, agreements, and understandings among you, WCI, PHS and/or the State of Maryland relating to services that PHS provides at WCI.

**Answer to Interrogatory No. 7:** The Western Correctional Institution is a

Medium Security Level II institution within the Maryland Division of Correction.

Prison Health Services (PHS) is a private medical contractor under contract with the

Department of Public Safety and Correctional Services to provide medical care for

the inmate population of the Western Correctional Institution.

**Interrogatory No. 8:** Without disclosing any confidential information, identify the number of inmates at WCI who have been prescribed and received narcotic pain medication since 1987, including within your answer the type of pain medication and the nature of the ailment for which it was prescribed.

**Answer to Interrogatory No. 8:** I am unable to provide this information. Any

information of this nature would be kept by the medical provider in the due course

of business. Please note that WCI has been in existence only since 1996.

**Interrogatory No. 9:** If you contend that narcotic pain medication cannot be provided to inmates at WCI, identify all facts upon which you rely to support that contention, including within your answer the identities of all persons who have personal knowledge of facts supporting your answer and all documents that substantiate your response.

**Answer to Interrogatory No. 9:** Narcotic pain medication is prescribed to

inmates at WCI.   All narcotic pain medication is closely monitored and is

administered on a per dose basis by a member of the medical staff.

**Interrogatory No. 10:** Identify the criteria, medical or otherwise, for a single cell prescription, including within your answer the identities of all persons who have

4

personal knowledge of facts supporting your answer and all documents that substantiate your response.

### Answer to Interrogatory No. 10:

Please note that records reflect that the Plaintiff, Derek Simms, has been housed in a single cell since 9-3-01. He has been housed in a single cell for two (2) reasons. First, the medical unit noted that he was to have a bottom bunk. Secondly, since he has a requirement to regularly change dressing due to his medical condition the Unit Manager, in consultation with the treating physician, opted to house him in a single cell.

A single cell is routinely provided for any inmate determined to be handicapped. All handicapped inmates are housed on D tier in Housing Unit #1, a General Population Unit. Any other single cell that may be provided for medical reasons is a matter for the medical authority to decide in consultation with institutional staff. Individuals on the staff who may be involved include but are not necessarily limited to Dr. Tessama, Medical Director; Ms. Nancy Pearson, PHS Administrator; Ms. Barbara Newlon, Contract Monitor, Louise Gordon, Chief of Security; Dr. Harry Murphy, Assistant Warden, Jon P. Galley, Warden; and any given Housing Unit Manager.

Beyond medical reasons, the only reason that an inmate would be housed in a single cell on a permanent basis is for reasons of security and safety to staff and/or other inmates.

5

**Interrogatory No. 11:** Identify the highest temperature of water in degrees Fahrenheit that is available to Plaintiff in his cell, including within your answer the identities of all persons who have personal knowledge of facts supporting your answer and all documents that substantiate your response.

**Answer to Interrogatory No. 11:** Water temperature for use by inmates in

the Housing Units is set at 98 to 108 degrees. That is, there is a mixing valve on all

hot water supply lines that regulate temperature in this range.

**Interrogatory No. 12:** Identify all facts on which you rely to support your contention in paragraph 3 of your Answer that your "actions were performed in good faith reliance on standard operating procedures," including within your answer the identities of all persons who have personal knowledge of facts supporting your answer and all documents that substantiate your response.

**Answer to Interrogatory No. 12:** Plaintiff was and is provided adequate

medical care and I relied upon the medical personnel to provide the appropriate

medical care. As to persons with knowledge about these facts, see answer to

Interrogatory No. 1.

**Interrogatory No. 13:** Identify all facts on which you rely to support your contention in paragraph 4 of your Answer that "the amended complaint does not state a claim upon which the relief prayed can be granted," including within your answer the identities of all persons who have personal knowledge of facts supporting your answer and all documents that substantiate your response.

**Answer to Interrogatory No. 13:** Plaintiff was and is provided adequate

medical care and I relied upon the medical personnel to provide the appropriate

medical care. As to persons with knowledge about these facts, see answer to

Interrogatory No. 1.

**Interrogatory No. 14:** Identify all facts on which you rely to support your contention in paragraph 5 of your Answer that "[e]ach and every act of the

6

[Defendant] taken with respect to the Plaintiff was done and performed in good faith, in the official discharge of [his] duties as [an employee] of the Division of Correction, and with a reasonable belief as to the constitutionality of [his] actions for which [he enjoys] a qualified immunity from liability," including within your answer the identities of all persons who have personal knowledge of facts supporting your answer and all documents that substantiate your response.

**Answer to Interrogatory No. 14:** Plaintiff was and is provided adequate medical care and I relied upon the medical personnel to provide the appropriate medical care. As to persons with knowledge about these facts, see answer to Interrogatory No. 1.

**Interrogatory No. 15:** Identify all facts on which you rely to support your contention in paragraph 6 of your Answer that "Plaintiff's action is barred by the Prison Litigation Reform Act because he failed to exhaust administrative remedies," including within your answer the identities of all persons who have personal knowledge of facts supporting your answer and all documents that substantiate your response.

**Answer to Interrogatory No. 15:** Plaintiff has not exhausted his administrative remedies pertaining to the allegations in this suit. Mr. Simms would have knowledge of that and Marvin Robbins, Executive Director of the Inmate Grievance Office , would know that.

**Interrogatory No. 16:** Describe in detail the facts and events leading up to the filing of the *pro se* Complaint by Plaintiff.

**Answer to Interrogatory No. 16:** I am unable to answer this question.

**Interrogatory No. 17:** Identify all actions taken by you with respect to Plaintiff's medical condition and his request for certain treatments, including pain medication, hot water, and a single cell.

**Answer to Interrogatory No. 17:** I have no recollection of this.

7

**Interrogatory No. 18:** Identify all other persons, not previously identified, who have personal knowledge of the facts set forth in your interrogatory answers, or any facts material to this case, and briefly summarize the extent and area of their knowledge.

**Answer to Interrogatory No. 18:** Beyond the individual identified in Interrogatory No. 1, I am unable to state who else among the staff may have direct knowledge of the Plaintiff's allegations.

**Interrogatory No. 19:** Describe in detail your understanding of Plaintiff's medical condition, including the date you first became aware of his condition.

**Answer to Interrogatory No. 19:** I have no direct knowledge of the plaintiff's medical condition.

**Interrogatory No. 20:** Describe in detail all communications by and between you, on the one hand, and/or Jon P. Galley, Denise Vanmeter, Isaias Tessema, and Plaintiff's housing unit manager, on the other, regarding the medical condition and/or treatment of Plaintiff.

**Answer to Interrogatory No. 20:** None to my knowledge.

**Interrogatory No. 21:** State in detail your basis for denying Plaintiff pain medication, hot water, and a single cell, including in your answer a reference to any and all policies or procedures that support your position.

**Answer to Interrogatory No. 21:** All matters of treatment of a medical condition is the sole province of the medical director. I did not deny Plaintiff pain medication, hot water, or a single cell.

**Interrogatory No. 22:** Without providing confidential information, identify the number of other patients/inmates at WCI with Crohn's disease and their prescribed treatment.

**Answer to Interrogatory No. 22:** I have no way of knowing how many

8

inmates have Crohn's disease.

**Interrogatory No. 23:** Identify the number of inmates at WCI with single cells and the reason for that housing situation.

**Answer to Interrogatory No. 23:** The only inmates with a single cell at WCI are those inmates on D tier in Housing Unit, the handicapped tier, inmates in Housing Unit 6 which is the first housing unit of what will be the neighboring maximum security institution known as North Branch Correctional Institution approximately two (2) years from now, and inmates who are housed in the institutional infirmary. Housing Unit 6 was built for single cells.

**Interrogatory No. 24:** State in detail all policies and procedures regarding medical treatment for inmates at WCI, including in your answer an identification of all written sources of these policies and all policies upon which you relied, and continue to rely, to deny Plaintiff medical treatment.

**Answer to Interrogatory No. 24:** I have not denied Plaintiff medical treatment.

**Interrogatory No. 25:** Identify all communications relating to Plaintiff, not previously identified in your answers to these Interrogatories, on which you rely to support the allegations made in your Answer, including communications internal to WCI, communications between you and any other persons or entities, and communications between other persons and/or entities of which you have knowledge.

**Answer to Interrogatory No. 25:** None.

Respectfully submitted,

J. JOSEPH CURRAN, JR.
Attorney General of Maryland

9

STEPHANIE LANE-WEBER
Assistant Attorney General
General Bar No. 00023

St. Paul Plaza - 19th Floor
200 St. Paul Place
Baltimore, Maryland  21202
(410) 576-6340 (Telephone)
(410) 576-6880 (Telefax)

Attorneys for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this _23_ day of _February_ , 2004, a copy of the foregoing Defendant former Commissioner William Sondervan's Answers to Interrogatories was mailed, postage prepaid, to:

Colleen M. Mallon, Esquire
Venable LLP
2 Hopkins Plaza, Suite 1800
Baltimore, Maryland 21201

STEPHANIE LANE-WEBER
Assistant Attorney General

10

## AFFIRMATION

**I HEREBY CERTIFY** under penalty of perjury that the foregoing Answers to of Interrogatories are true to the best of my knowledge, information and belief. Executed on ___2/20/07___ .
(Date)

William W. Sondervan

C:\Documents and Settings\bills\Local Settings\Temporary Internet Files\OLK1BC\answer interrogs Sondervan2.wpd
CL03-4044