IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| DEREK L. SIMMS, #266549 | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No.: WMN-02-3276 |
| | * |
| DR. ISAIAS TESSEMA, *et al*. | * |
| | * |
| Defendants. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PLAINTIFF DEREK L. SIMMS' FIRST SET OF INTERROGATORIES DIRECTED TO
DEFENDANT DENISE VANMETER

TO:    Derek L. Simms

FROM: Denise VanMeter

   (a)   The following answers to interrogatories include, as requested, knowledge and information not only of the person signing these answers to interrogatories, but of agents, representatives, and, unless privileged, the attorney of the person signing such answers.

   (b)   The phrasing of the answers to interrogatories is not necessarily that of the person signing the answers but is, in some cases, the phrasing of the person mentioned in Paragraph (a) above.

   (c)   These answers to interrogatories furnish knowledge, facts, and information presently available and, as requested, if subsequent or different information is obtained before trial, these answers to interrogatories will be appropriately supplemented, either formally or informally, by communicating the information to all parties.

INTERROGATORIES

1. Identify all persons with knowledge of the factual allegations set forth in the Amended Complaint and/or Answer, including in your response a summary of the facts known to each person.

ANSWER:   The only individuals with knowledge of the factual allegations in Mr. Simms' complaint and amended complaint are myself, Dr. Tessema, our in house counsel and outside counsel. Mr. Simms medical treatment at WCI is contained in the notes or records contained in his medical record.


EXHIBIT 13

26. Identify the number of inmates at WCI with single cells and the reason for that housing situation.

ANSWER: This Interrogatory is objected to as being boilerplate, overbroad, seeking irrelevant information and not being reasonably calculated to lead to the discovery of admissible evidence. I can not answer this interrogatory since single cell assignments are made by the Division of Correction, and are generally limited to wheel chair bound inmates. I can say that there are no medical orders outstanding for single cell treatment at WCI at this time.

27. State in detail all policies and procedures regarding medical treatment for inmates at WCI, including in your answer an identification of all written sources of these policies and all policies upon which you relied, and continue to rely, to deny Plaintiff medical treatment.

ANSWER: This Interrogatory is objected to as overbroad, seeking irrelevant information and not being reasonably calculated to lead to the discovery of admissible evidence, but there are no policies or procedures for the treatment of Crohn's disease or peri-rectal abscesses, nor any for determining whether an inmate should be celled by himself, so I rely on my knowledge as a physician, standard textbooks, and make my own determinations as to treatment plans. In this case, Mr. Simms is non-compliant with the prescribed treatment plan, and does not appear to be concerned with his health, appears to be seeking drugs unwarranted by his conditions and is seeking the advantage of a single cell where one is not warranted. He is seen often with the same complaints, but there has been no change in his overall condition since I first examined Mr. Simms.

28. Identify all communications relating to Plaintiff not previously identified in your answers to these Interrogatories on which you rely to support the allegations made in your Answer including communications internal to PHS and WCI, communications between you and any other persons or entities, and communications between other persons and/or entities of which you have knowledge.

ANSWER: This Interrogatory is objected to as being overbroad, seeking irrelevant information and not being reasonably calculated to lead to the discovery of admissible evidence, and as to any communications relating to plaintiff from myself of PHS all are in his medical record. Neither PHS nor I have any access to any communication between plaintiff and WCI.

The information contained in these answers is true and correct to the best of my information, knowledge, and belief.

_____
Isaias Tessema, M.D.

Adelman, Sheff & Smith

By: _____
Donald J. Crawford
200-A Monroe Street, Suite 310
Rockville, Maryland 20850
(301) 340-1140
   Counsel for Isaias Tessema, M.D. and Denise VanMeter, R.N.

### CERTIFICATE OF SERVICE

I hereby certify that on the ___18th___ day of __January__, 2004, I mailed a copy of the foregoing to:

Colleen M. Mallon, Esq.
Venable LLP.
2 Hopkins Plaza, Suite 1800
Baltimore, MD 21201

_____
Donald J. Crawford