IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEREK L. SIMMS                    :

    Plaintiff                 :

v                                 :        Civil Action No.: WMN-02-3276

DR. ISAIAS TESSEMA, et al.        :

    Defendants                :

........oOo........

## MEMORANDUM

    Now pending before the Court in the above captioned case is Defendants Motion to Dismiss or for Summary Judgment. Paper No. 13. Plaintiff was advised of his right to respond to the Motion and he filed a timely response. Paper No. 16. At issue in this case is whether or not Plaintiff's medical treatment as provided by prison medical staff for various medical conditions, is constitutionally inadequate. This case is now ripe for dispositive review.

    Plaintiff's medical problems are as follows: Crohn's disease, left knee pain, trouble urinating, and breathing problems. Paper No. 1. For each of these ailments Plaintiff takes issue with either the manner in which they are being treated or the degree of treatment offered. With respect to Plaintiff's Crohn's disease, he suffers anal fistulas that drain blood and pus when they become infected. Paper No. 16 at p. 1. Although the medical records submitted by Defendants indicate a detailed history of medical tests as well as surgical interventions regarding this problem, the current treatment prescribed is medication and sitz baths. Paper No. 13 at Affidavit, p. 3. Plaintiff maintains that the lack of privacy he has in his prison cell and the inability to obtain water that is hot enough for a sitz bath in his cell render the treatment ineffective. Paper No. 16 at p. 2. He explains that he has not been provided with single cell status in spite of his voiced concerns that his medical condition, which includes fecal incontinence, make sharing a

EXHIBIT 20

small prison cell with another inmate uncomfortable and interferes with the effective use of any palliative measures prescribed for his condition. *Id.* In fact, Plaintiff asserts that his cell mates have on occasion thrown his sitz bath away and become irrate about being subjected to the effects of Plaintiff's illness. *Id.* Plaintiff adds, and the medical records submitted by Defendants with their Motion, establish that his condition is painful and he needs "powerful pain medication" to treat it. *Id.* at p. 3. Defendants have explained to Plaintiff that he can not be provided with narcotic pain relievers while he is in prison. *See* Paper No. 13 at Affidavit, p. 2 ("he desires narcotic pain relievers, but that is not possible or warranted for this condition or possible in a prison setting."). In an effort to assist Plaintiff in coping with his disease, Plaintiff is prescribed anti-depressants and was recommended for participation in a pain clinic where cognitive techniques are utilized in order to cope with chronic pain. *Id.*

Plaintiff contends that his breathing problems are due to "close nasal passage disorder" and not due to seasonal rhinitis as defendants contend. *Id.* Plaintiff did at one time have a deviated septum which was surgically repaired in February, 2000. Paper No. 13 at Ex. 4, pp. 2–3; pp. 5–18. At present, Plaintiff's problem is diagnosed as seasonal rhinitis for which Sudafed and saline nasal spray are prescribed. *Id.* at Affidavit p. 3. Plaintiff disagrees with this diagnosis and asserts that the disorder he suffers from causes him to stop breathing in his sleep and causes severe headaches. Paper No. 16 at p. 3.

Plaintiff's third complaint regarding his medical care concerns the treatment for pain in his left knee. Defendants have diagnosed his problem as arthritis and are treating the problem with motrin or tylenol. Paper No. 13 at Affidavit p. 3. Dr. Tessema asserts that Plaintiff's "excess weight exacerbates the periodic problem, and weight loss and exercise could assist in limiting this periodic pain." *Id.* Examination of Plaintiff's knee revealed "no deformity,

swelling, edema, discoloration or masses". *Id.* Plaintiff states, in response, that he needs knee support as well as medication and that "doctors on the outside" have informed him that he requires knee replacement surgery. Paper No. 16 at p. 4. Plaintiff alleges that the defendants refuse to provide him with these requested medical interventions because he is Black and because he is a prison inmate. *Id.*

Finally, Plaintiff mentions in his complaint that he has prostate problems and urinary problems which are not being treated properly (Paper No. 1 at p. 5), but he does not respond to the Defendant's assertion in their motion that these problems are being addressed. Defendants assert that in response to Mr. Simms' complaints he was given a Nephrotomogram which showed "no kidney abnormalities with the collecting system, urethers (sic), and bladder." Paper No. 16 at Affidavit, p. 3. Defendants further assert that the test revealed that Plaintiff was retaining urine which was "likely caused by an enlarged prostate, but his PSA test was negative." *Id.*

"[S]ummary judgment should be granted in those cases in which it is perfectly clear that no genuine issue of material fact remains unresolved and inquiry into the facts is unnecessary to clarify the application of the law." *Haavistola v. Community Fire Co. of Rising Sun*, 6 F.3d 211, 214 (4th Cir. 1993) (citations omitted). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that

3

party's case, and on which that party will bear the burden of proof at trial" summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U. S. 317, 322 (1986). "In ruling on a motion for summary judgment, a court must believe the evidence of the non-movant, and all justifiable inferences must be drawn in the non-movant's favor." *Estate of Kimmell v. Seven Up Bottling Co.*, 993 F.2d 410, 412 (4th Cir. 1993) (citation omitted).

In order to state a constitutional claim for denial of medical care a prisoner must demonstrate that the defendant's acts or omissions amounted to deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In essence, the treatment rendered must be so grossly incompetent or inadequate as to shock the conscience or to be intolerable to fundamental fairness. *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier*, 896 F.2d at 851. Reckless disregard occurs when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U. S. 825, 837 (1994). Thus, a health care provider must have actual knowledge of a serious condition, not just knowledge of the symptoms. *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998). Mere negligence or malpractice does not rise to a constitutional level. *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986). A two part inquiry is required. First, the prisoner must show that he was deprived of an objectively serious human need. *See Johnson v. Quinones*, 145 F.3d 164 (4th Cir. 1998). Second, the plaintiff must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

With respect to Plaintiff's Crohn's disease, it is clear from the evidence that Plaintiff is engaged in a protracted, battle against a chronic disease for which there is no known cure. Clearly, this medical condition is a serious one[1]. It seems a reasonable accommodation to provide Plaintiff with a single cell in light of the nature of his illness. Indeed, medical personnel at the Maryland House of Correction Annex recommended Plaintiff's assignment to a single cell in March, 2000 (Paper No. 13 at Ex. 1, p. 1), but in May, 2000 Plaintiff was denied, without substantive explanation, a single cell and a bottom bunk (*Id.* at Ex. 10, p. 1).[2] Plaintiff contends that Defendants refusal to recommend him for a single cell renders the prescribed treatment ineffective.[3] Defendants glib rebuttal that Plaintiff "does not meet the criteria for a single cell" does little to refute Plaintiff's plausible, realistic concerns given the circumstances of this case. To insulate themselves from a constitutional claim for deliberate indifference to a serious medical need it is axiomatic that the treatment provided should at least be practical. In this case it appears that Defendants have provided Plaintiff with a means to treat his condition that requires facilities, i.e., hot water and privacy, that are not available to him. They now rely, in part on his non-compliance with the prescribed treatment as a defense. *See* Paper No. 13 at p. 2.

---

[1] Crohn's disease is characterized by "chronic diarrhea with abdominal pain, fever, anorexia, weight loss, and a right lower quadrant mass or fullness" but "many patients are first seen with an acute abdomen that simulates acute appendicitis or intestinal obstruction." *Merck Manual*, Seventeenth Edition, p. 303.

[2] Interestingly, on the same form that states Plaintiff does not fit the criteria for a single cell, an order for diapers for the next 30 days is noted.

[3] Plaintiff also contends that the inmates who are assigned to share his cell are inmates whom prison officials "want to punish and make suffer". Paper No. 16 at p. 4. He specifically asserts that the defendants in this case "push prison officials to put the two inmates in the same cell". *Id.* He further contends that as a result of placing these inmates in his cell, he is subjected to abuse from that inmate. *Id.*

Dr. Tessema observes that "[c]onservative treatment of these chronic diseases with medication, diet and sitz baths is <u>only</u> effective when the inmate is compliant with the recommended treatment plan." *Id.* at Affidavit, p. 3 (emphasis supplied). The issue of whether or not Plaintiff is <u>able</u> to comply with the treatment prescribed and the extent of Defendants' knowledge with respect to that ability, represents a genuine dispute of material fact. Therefore, summary judgment is unavailable to defendants on this issue.

The refusal by Defendants to provide Plaintiff with effective pain relief for his Crohn's disease is also a material fact that is the subject of a genuine dispute. Although Defendant Tessema contends that narcotic pain relievers are not possible in a prison setting, the Division of Correction's Pharmacy Manual belies his assertion. *See* DCD 130-300 (Pharmacy Manual listing Acetaminophen with Codeine as a Group one medication). It simply doesn't make sense that medication available to other inmates is not also available to Plaintiff for his painful medical condition. Indeed, Defendants do not attempt to explain why they are unable to prescribe pain relievers to Plaintiff. The bald assertion that Plaintiff has "an exaggerated response to pain"[4] is simply not sufficient on summary judgment to make a finding that Defendants are not exhibiting a deliberate indifference to Plaintiff's serious medical need. Particularly here, where it does not appear that Plaintiff's need for pain relief has been meaningfully re-evaluated on a periodic basis. Summary judgment shall be denied on the issue of whether or not Defendants' withholding of pain medication from Plaintiff for his Crohn's disease is so grossly incompetent or inadequate that it shocks the conscience and constitutes the willful infliction of pain. *See Miltier*, 896 F.2d at 851.

---

[4] This assessment appears to be based upon one encounter Plaintiff had with Dr. Briggs on February 24, 2000. Paper No. 13 at Ex. 6, pp. 1–2.

Plaintiff's allegations that his knee pain is not being treated; that his "breathing problems" have been unaddressed; and that he is suffering from prostate problems that have not been adequately addressed are subject to summary judgment. First, Plaintiff has apparently abandoned his allegations regarding treatment of his urinary problems and his prostate problems because he did not address them in his summary judgment response. In addition, the allegation made in his complaint is not specific and does not forecast any evidence that might support his assertion that this problem is being ignored by Defendants. On the other hand, Defendants have produced adequate evidence to show that these issues have been diagnosed and are currently being treated. Paper No. 13 at Affidavit. Defendants are entitled to summary judgement on the issue of whether or not Plaintiff is receiving adequate treatment for prostate and urinary problems.

Plaintiff's knee has been examined by medical staff and there is no evidence that Plaintiff's condition is serious enough to warrant the surgical intervention he demands or that Defendants have acted with a willful disregard to Plaintiff's need for medical care with respect to his knee. The simple fact that a "doctor on the outside" told Plaintiff that he would need knee replacement surgery, does not mean that this is the only treatment available for an effective result. Plaintiff's mere disagreement with the diagnosis and treatment for his knee pain can not form the basis for an Eighth Amendment claim absent extraordinary circumstances that are not present with respect to Plaintiff's complaint regarding his knee. *See Russell*, 528 F.2d at 319; *see also Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

There is little evidence on this record that Plaintiff's "breathing problem" is anything more than what the Defendants have diagnosed it as, seasonal rhinitis. Unlike Plaintiff's Crohn's disease, this complaint does not appear to be a condition that, if left untreated, is likely to cause

permanent damage or severe pain. Nevertheless, Defendants have provided evidence that Plaintiff's complaints are being addressed through medication. Defendants are entitled to summary judgment on this claim because Plaintiff is unable to establish that he suffers from a serious medical condition with respect to his breathing.

Based on the foregoing analysis this Court concludes that summary judgment shall be denied on the following issues: (1) whether or not Plaintiff is able to comply with the treatment prescribed for his Crohn's disease (i.e., sitz baths) and the extent of Defendants' knowledge with respect to that ability and (2) whether or not Defendants' withholding of pain medication from Plaintiff for his Crohn's disease is so grossly incompetent or inadequate that it shocks the conscience and constitutes the willful infliction of pain. On all other claims, the Motion for Summary Judgment will be granted. Because the trial of these two issues may prove too complex for a pro se litigant like Plaintiff, he will be given a period of 30 days within which to file a motion for appointment of counsel. A separate Order follows.

4/29/03
Date

_William M. Nickerson_
William M. Nickerson
United States District Judge