# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DEREK L. SIMMS,                                   *

      Plaintiff,                               *

  v.                                              *          Civil No. WMN-02-3276

ISAIAS TESSEMA, M.D., ET AL.,                     *

      Defendants.                              *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## Declaration

I, Marvin N. Robbins, declare as follows:

1.  I am the Executive Director of the Inmate Grievance Office (IGO) for the State of Maryland. I have been the Executive Director since my appointment on June 1, 1979. The IGO receives about 2,000 to 2,500 grievances a year.

2.  The IGO falls under the auspices of the Secretary of the Department of Public Safety and Correctional Services.

3.  The jurisdiction of the IGO is limited to complaints filed by inmates in the custody of the Division of Correction and Patuxent Institution against officials or employees of the Division of Correction and Patuxent Institution.

4.  My responsibilities include, but are not limited to, reviewing all inmate IGO complaints and ensuring that they have been properly filed with my office. I (and my designees) have the authority to administratively dismiss complaints that are wholly without merit on their face, are not within our jurisdiction, are untimely filed, or for which the inmate has failed to exhaust administrative remedies prior to seeking the IGO's jurisdiction.

5.  Except for complaints which involve disciplinary decisions or

1

*EX 4*

classification decisions (such as security level assignments, institutional assignments, or job assignments), inmates who are in the custody of the Division of Correction must exhaust the remedies available to them through the Division of Correction's Administrative Remedy Procedure (ARP) prior to seeking the IGO's jurisdiction.

6.    Issues for which inmates may seek relief through the Division of Correction's ARP procedure include, but are not limited to:

    a)    institutional policies and/or procedures;
    b)    access to courts;
    c)    medical services (although the Division of Correction may exercise a role in addressing certain medical complaints, the IGO does not have jurisdiction over complaints against the private health-care contractor or its employees who provide medical services to State prisoners);
    d)    religious liberties;
    e)    lost, stolen or damaged property;
    f)    use of force;
    g)    sentence calculations;
    h)    institutional conditions; and
    i)    other complaints against staff.

7.    When an IGO complaint is filed, I conduct a preliminary review of the complaint to determine if the complaint is wholly lacking in merit on its face, or not.

8.    If the grievance is determined to be wholly lacking in merit on its face, it is dismissed.  This order of dismissal constitutes the final decision of the Secretary for purposes of judicial review.

9.    If the grievance is not wholly lacking in merit on its face, it will be referred to the Office of Administrative Hearings (OAH).  The OAH conducts hearings on grievances and provides the inmate with a chance to produce evidence and witnesses.  See Annotated Code of Maryland, Correctional Services Article, Section 10-208.  The OAH issues decisions in the form of an order. If, after the hearing, the ALJ determines that the grievance is without merit, a final order is issued to that effect from which a Petition for Judicial Review may be filed in circuit court.   If, on the other hand, the ALJ determines that the

EX 4-1

grievance is at least in part meritorious, the ALJ prepares a proposed meritorious order to be reviewed by the Secretary of the Department of Public Safety and Correctional Services. The Secretary may affirm, reverse or modify the proposed order. Whatever action is taken by the Secretary is considered to be the final decision from which a Petition for Judicial Review may be filed in the circuit court.

10.   I have caused a search of the IGO computerized case-tracking system to be conducted, and since 1999 the IGO has received sixteen (16) grievances from inmate Derek Simms. Of the 16 grievances filed, 14 were administratively dismissed without a hearing. Of the 14 cases that were dismissed, 7 involved medical issues which were in some way related to medical treatment for his anal/rectal problems. The 7 medical grievances are identified as IGO Nos. 20040490, 20020677, 20040556, 20040481, 20040480, 20040478 and 20040479. The grievances and their dismissals are attached. The other 7 cases involved allegations about adjustment issues, threats by other inmates, access to educational programs, tampering with his food, and denial of treatment for sexual offenders. Of all the cases administratively dismissed, I could find no record of Mr. Simms having petitioned the circuit court for judicial review. The remaining 2 cases which were the ones that were not administratively dismissed involve complaints not related to medical issues and pertained to Mr. Simms' typewriter and an opportunity to review his basefile.

I hereby declare and affirm under penalty of perjury that the foregoing is true and correct.

Marvin N. Robbins

June 8, 2004

Date

3

E x 4-2