IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| DEREK L. SIMMS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:02-cv-3276WMN |
| ISAIAS TESSEMA, M.D., et al., | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF DEREK L. SIMMS'S MOTION TO STRIKE THE MEDICAL
DEFENDANTS' REPLY BRIEF AND ATTACHED EXHIBITS**

Plaintiff Derek L. Simms ("Plaintiff"), by his undersigned counsel, hereby files this Motion to Strike the Medical Defendants' Reply Brief and Attached Exhibits and states as follows:

On June 18, 2004, Defendants Isaias Tessema and Denise VanMeter (the "Medical Defendants") filed a Motion for Summary Judgment and a Notice of Filing Lengthy Exhibits (the "Motion"). See Dkt. 45.[1] Plaintiff filed his Opposition to that Motion on July 21, 2004 (the "Opposition"). See Dkt. 49. Ostensibly in response to Plaintiff's Opposition, the Medical Defendants filed a Reply brief *and* a Notice of Filing Lengthy Exhibits on August 13, 2004 (the "Reply"). See Dkt. 54. Upon review, however, the Medical Defendants' Reply brief and the voluminous new exhibits attached thereto are improper and therefore should be stricken.

---

[1] On that same date, Defendants Jon Galley and William Sondervan (the "Correctional Defendants") filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. Although the Correctional Defendants also filed a reply brief, the present Motion to Strike is not in response to that reply brief. This is so because the Correctional Defendants did not take the extreme liberty taken by the Medical Defendants by attaching material not attached to its original motion; instead, the Correctional Defendants attached to their reply brief certain exhibits that it had previously attached to its original motion, presumably for ease of the Court and the parties.

-2-

There is no question that the purpose of a reply brief is solely to rebut any arguments made by the nonmoving party in the response/opposition to a motion. Black's Law Dictionary 204 (8th ed. 2004). The reply brief accordingly should not contain arguments raised for the first time nor should it contain materials/exhibits attached for the first time. See United States v. Smith, 44 F.3d 1259, 1266 (4th Cir. 1995) (noting that court need not consider an argument raised for the first time in a reply brief); Oladokun v. Grafton Sch., Inc., 182 F. Supp. 2d 483, 492 (D. Md. 2002) (refusing to consider argument raised for the first time in its reply brief because it was not brought in the original summary judgment motion); Doebele v. Sprint/United Mgmt Co., 342 F.3d 1117, 1139 n.13 (10th Cir. 2003) (concluding that district court abused its discretion to the extent that it relied on new evidentiary materials presented for the first time in reply brief). Here, the Medical Defendants have violated those cardinal rules, by raising new arguments for the first time in their Reply brief and attaching thereto voluminous pages of new material.[2] For example, the Medical Defendants now claim, among other things, that Plaintiff "wants a 'magic bullet' in the form of surgery," Reply at 2, that peri-anal Crohn's disease "does not have pain associated with it unless there are active fistula," Reply at 2 (without citation to any part of the record), and that Plaintiff is seeking narcotics because he is "a former cocaine user," Reply at 8.

---

[2] Furthermore, even though the Medical Defendants attach new voluminous material—2 inches thick which necessitated the filing of a Notice of Lengthy Exhibits—to their Reply, their citation to those exhibits to support the new factual allegations set forth in their Reply is anemic. It thus appears as though the Medical Defendants expect the Plaintiff (and this Court) to scour those voluminous materials to determine precisely why they were attached to the Reply. This of course is wrong. See Jones v. Washington County Bd. of Educ., 15 F. Supp. 2d 783, 786 (D. Md. 1998) (stating that a "district court need not scour the record to make the case of a party who does nothing"); Cf. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (stating that the party seeking summary judgment always bears the initial responsibility of identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact).

::ODMA\PCDOCS\BA2DOCS1\248912\1

-3-

Because the Medical Defendants raise new arguments for the first time in their Reply brief and because they attach new material to that Reply, the Medical Defendants' Reply should be stricken. Accordingly, the Plaintiff respectfully asks that this Court grant the Plaintiff's Motion to Strike the Medical Defendants' Reply Brief and Attached Exhibits.

    /s/ Colleen M. Mallon
Colleen M. Mallon (#26967)
Heather Deans Foley (#25829)
Venable LLP
1800 Mercantile Bank & Trust Bldg.
Two Hopkins Plaza
Baltimore, Maryland 21201
(410) 244-7400

*Attorneys for Plaintiff Derek L. Simms*