IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEREK L. SIMMS, #266549 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.: WMN-02-3276 |
| | * | |
| DR. ISAIAS TESSEMA, *et al.* | * | |
| | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RESPONSE IN OPPOSITION TO PLAINITFF'S MOTION TO STRIKE

Defendants, Isaias Tessema, M.D. and Denise VanMeter, R.N., by and through their counsels, Donald J. Crawford and Adelman, Sheff and Smith hereby oppose Plaintiff's Motion to A Strike the Medical Defendants' Reply Brief and Exhibits (presumedly Rule 12(f) is not available for this motion) because no new arguments are advanced, the exhibits complete a partial picture of Plaintiff's medial record presented in Plaintiff's response, many of the documents having been previously filed with this Court, and the draconian remedy recommended is unnecessary.

In general Motions to Strike are look upon with disfavor by the Courts. The arguments presented in the medical defendants Reply remain exactly the same. The Medical defendants did not show a deliberate indifference to Mr. Simms serious medical need, in that they followed a treatment plan designed after consultations with experts that included sitz baths, pain management, frequent evaluation by medical professionals at WCI and outside consultations when indicated.

Plaintiff in his own response cites 44 sick call request complaining of pain and lists 18 variations of those complaints, see pages 10 and 11, but presents this Court with only selected Off-Site Consultations, Sick Call Requests and Medication Administration Reports, and goes on to boldly assert that his complaints of pain were ignored. Having made these statements Plaintiff

wants to deny the medial defendants and this Court the ability to examine all the sick calls themselves, and see the responses and objective finding of the medical professional at WCI, and the treatment rendered and medications administered. Such a position is absurd. Having raised the specifics, the medical defendants simply have presented to this Court in Exhibit A through E a complete picture of Mr. Simms medical treatment for a four year period. Hasn't Plaintiff requested this Court to evaluate his medical treatment? Apparently Plaintiff wants this Court to proceed with only a partial, incomplete record of his treatment despite the fact that is that very treatment that is at issue in this case. The medical defendants find it incomprehensible that Plaintiff is trying to preclude his entire medical record for the relevant period from being before this Court.

Certainly the issue of Plaintiff desire for narcotic pain management is placed squarely before this Court in Plaintiff's Amended Complaint, in the Motion for Summary Judgment and in Plaintiff's Response. Dr. Weinstein, Dr. Lee and Dr Tessema were all questioned extensively and their depositions are included in the Medical Defendants first lengthy filing. In fact, Dr. Weinstein specifically referred to the issue of Mr. Simms drug abuse in his deposition at page 75, and in his opinion letter attached thereto. Certainly this issue was raised in both the Motion for Summary Judgment and Plaintiff's response, and at least by inference by Plaintiff in Exhibit 18. Denying the Medical defendants a response as found in Exhibit F is unwarranted, does not raise a new issue, responses to the inference Plaintiff tries to create with his Exhibit 18. If this Court should believe Exhibit F is improper the proper remedy is to strike that exhibit and not the entire document (although the Medical Defendants believe the cited document is in the Court's file).

Finally the case law cited by Plaintiff needs to be examined. *United States v. Smith*, 44 F.3d 1259 (4th Cir. 1995) is an interesting case. This criminal case (distinguished on that basis alone) tried before Judge Legg was for money laundering and wire fraud. On appeal of his conviction Mr. Smith for the first time raised an essential defense never before presented that a third party received

the proceeds of the loan and therefore he was never in possession of the money. The Court of Appeals specifically said it did not have to decide whether to exclude this defense because defendant had constructive control of the entire scheme to defraud, and therefore affirmed the conviction. In *Oladokum v. Grafton School, Inc.*, 182 F.Supp 2d 483 (D. Md. 2002) Judge Chasanow dismissed a hostile work environment claim because plaintiff EEOC complaint did not include said claim and therefore was not considered. Finally Plaintiff cites *Doebele v. Sprint/United Mgmt Co.*, 342 F.3d 1117 (10th Cir. 2003. Plaintiff brought an ADA and FMLA claims. The Court dismissed her retaliation claim (she alleged she was fired in anticipation of her filing a workers' compensation claim) because she failed to address the absent physical or mental injury as required by Kansas workers' compensation law except in her reply. All there of Plaintiff's cited cases have a common theme, and it is that when a essential element of a claim is not addressed until late in the process it can be excluded. Clearly that is not the case here.

WHEREFORE, in view of the governing law and facts of this case, defendants respectfully request the Court deny Plaintiff's Motion to Strike. A proposed Order is attached.

Adelman, Sheff & Smith, LLC.

By:_____/s/_____
Donald J. Crawford, #11290
200-A Monroe Street, Suite 310
Rockville, Maryland 20850
(301) 340-1140
Counsel for Isaias Tessema, M.D. and Denise VanMeter, R.N.

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of August, 2004, a copy of the foregoing was electronically sent to: Colleen M. Mallon, Esq., Venable LLP, two Hopkins Plaza, Suite 1800,

Baltimore, MD  21201, and to Stephanie Lane-Weber, Assistant Attorney General, 200 St. Paul Place, 19th Floor, Baltimore, MD  21202.

                                                      _____/s/_____
                                                      Donald J. Crawford

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEREK L. SIMMS, #266549 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.: WMN-02-3276 |
| | * | |
| DR. ISAIAS TESSEMA, *et al.* | * | |
| | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

HAVING CONSIDERED Plaintiff's Motion to Strike and the Medical defendants Response in Opposition, it is this _____ day of _____, 2004 by the United States District Court for the District of Maryland:

ORDERED that Plaintiff's Motion to Strike is denied.


_____
William M. Nickerson
United States District Judge