IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| DEREK L. SIMMS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:02-cv-3276WMN |
| ISAIAS TESSEMA, M.D., et al., | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**OPPOSITION TO DEREK L. SIMMS' MOTIONS TO BE REIMBURSED
AND TO WITHDRAW PART OF SETTLEMENT AGREEMENT**

Venable LLP ("Venable"), acting pro se, hereby opposes Derek L. Simms' "Motion to be Reimbursed $11,830.00 and Motion to Withdraw This Part of Settlement Agreement and Request a Hearing" (the "Motion"), and in support thereof states as follows:

1.   Attorney Mallon, who is an associate with Venable, no longer represents Mr. Simms, and has not had any communication with him about his Motion or requested relief.

2.   By way of background, on October 7, 2002, Mr. Simms, acting pro se, filed a complaint in the United States District Court for the District of Maryland against certain health care professionals responsible for medical services at the Western Correctional Institution ("WCI") in Cumberland, Maryland, where Mr. Simms was incarcerated. In his complaint, Mr. Simms objected to the medical treatment that was afforded to him as an inmate at WCI. Mr. Simms suffered from a medical condition known as perianal Crohn's disease.

3.   By Order dated May 29, 2003, this Court appointed Attorney Mallon to represent Mr. Simms on a pro bono basis. Attorney Mallon undertook that representation with assistance from two other Venable attorneys. The principal issue in the case involved the defendants'

alleged indifference to Mr. Simms' medical needs, which stemmed from his perianal Crohn's disease, in violation of 42 U.S.C. § 1983, and this required expert testimony. Both sides retained medical experts in the field of gastroenterology. After significant discovery, including some six depositions, and motion practice, the parties, on the eve of trial and with the assistance of Magistrate Judge Paul W. Grimm, reached agreement on a settlement on September 27, 2004.

4. The terms of the settlement agreement were confidential, however, in light of Mr. Simms' filings and the Defendants' Opposition to Mr. Simms' Motion to Reopen, dated October 9, 2007, the confidential nature and terms of the settlement agreement have been waived. Indeed, a copy of the settlement agreement itself was attached to the Defendants' Opposition. Pursuant to that settlement agreement, the Defendants made a payment in the total amount of $55,000.00.

5. Prior to the execution by Mr. Simms of the settlement agreement, by letter dated September 30, 2004 to Mr. Simms, Attorney Mallon confirmed that Mr. Simms had agreed to settle his case for $55,000.00, and further that he had previously agreed to permit Venable to "deduct from that amount the actual costs [Venable] incurred in prosecuting this case on your behalf, which in no event will exceed $15,000.00." To further confirm Mr. Simms' agreement to these terms, Attorney Mallon asked that Mr. Simms sign the letter "to show that you are in agreement with the arrangement set forth above." Mr. Simms signed the September 30 letter on October 1, 2004 and returned it to Attorney Mallon. A copy of the September 30, 2004 letter with Mr. Simms' signature is attached as Exhibit 1.

6. Attorney Mallon informed Mr. Simms that he was not required, legally or otherwise, to pay Venable for its costs in order to receive the settlement proceeds. Attorney Mallon asked Mr. Simms if he was willing to pay Venable for the costs that it incurred in

-3-

prosecuting the case on his behalf, and Mr. Simms agreed to do so. All of the documentation corroborates this point, not to mention that it was not until this past month, September 2007 (roughly 3 years after the settlement agreement was reached), when Mr. Simms happens to be incarcerated again that he decided to concoct these unsupported accusations against Venable.

7. By letter dated October 28, 2004, Attorney Mallon advised Mr. Simms that she was in receipt of the settlement check, and further that she "will mail a check reflecting the settlement award (minus the costs my firm incurred in prosecuting this case on your behalf to which you agreed) to your attention." A copy of the October 28, 2004 letter is attached as Exhibit 2.

8. Thereafter, by letter dated December 3, 2004, Attorney Mallon forwarded a check in the amount of $43,169.45 to Mr. Simms, noting again that Mr. Simms had agreed that Venable could deduct "the costs [it] incurred in prosecuting this case on your behalf," which costs were stated in the letter to have been $11,830.55.[1] Copies of this December 3, 2004 letter and the enclosed check are attached as Exhibit 3. This left net settlement proceeds of $43,169.45, which was the amount of the check sent to Mr. Simms.

9. Since Attorney Mallon's December 3, 2004 letter with the settlement check, Venable had heard nothing more from Mr. Simms about the deduction for costs or the settlement proceeds until last month, September 2007.

---

[1] With regard to the costs incurred by Venable in representing Mr. Simms, Exhibit 4 is a report from Venable's accounting records showing the costs for which the deduction was made. A copy of this report is attached as Exhibit 4. The total amount of costs shown on this report is $11,916.55 rather than the $11,830.55 that was deducted from the gross settlement amount. The difference of $86.00 is explained by the fact that Venable received a check from defendants' counsel reimbursing us for copying costs (for medical records) in the amount of $86.00 and that amount was credited to the Firm's costs, so that only the net amount of $11,830.55 was charged to Mr. Simms as he had previously agreed.

As the Court will see from the enclosed report, the bulk of the costs – over $8,600 – were for outside professional and expert fees, court reporter fees for depositions, commercial messenger services and computer research (Westlaw) charges. The remaining costs include copying, postage, long distance telephone and telecopy charges, which were billed in accordance with the Firm's standard practices.

10. Venable did not mislead or withhold any information from Mr. Simms in some alleged scheme to deduct costs from the settlement proceeds. Nothing could be further from the truth.

WHEREFORE, for the foregoing reasons, Venable asks that the Court deny Mr. Simms' Motion.

Respectfully submitted,

VENABLE LLP

By:_____/s/_____
G. Stewart Webb, Jr.
Federal Bar No. 00838
1800 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland 21201
(410) 244-7400
(410) 244-7742 (fax)

BA2 #328604

-5-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of November 2007, a copy of the foregoing Opposition was electronically filed and served via regular mail on:

Derek L. Simms
MCI-J #266549
P.O. Box 549
Jessup, Maryland 20394

Michael I. Joseph, Esq.
180 Admiral Cochrane Drive
Suite 370
Annapolis, MD 21401

_____/s/_____
Colleen M. Mallon

BA2 #328604